# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TERRANCE J. SHAW,<br><br>              Plaintiff,<br><br>v.<br><br>PAUL MAYS,<br><br>              Defendant. | Case No. 21-CV-323-JPS<br><br>**ORDER** |

On March 12, 2021, Plaintiff filed a complaint under 42 U.S.C. § 1983 alleging that Defendant violated his constitutional rights. ECF No. 1. The Court has denied Plaintiff's request to appoint counsel twice in this case already. ECF Nos. 10, 20. On January 3, 2023, Plaintiff filed a third motion to appoint counsel. ECF No. 22. On January 23, 2023, the parties filed a joint motion to stay case deadlines and to schedule a status conference. ECF No. 24.

The parties indicate that a stay is necessary because Plaintiff has expressed that he is unable to proceed with the case as a pro se litigant. *Id.* Defendants contacted Plaintiff regarding the summary judgment meet and confer requirement and Plaintiff expressed that he felt unable to meet and confer on his own but was actively attempting to recruit counsel. *Id.*

The Court will deny the renewed motion to recruit counsel and the motion to stay. The Court sets deadlines in accordance with Federal Rule of Civil Procedure 1 in order to ensure the orderly and timely disposition of a case. The Court has previously ruled on Plaintiff's motions to appoint counsel, twice, and will not reiterate its previous analysis. Plaintiff has not provided any updated guidance to convince the Court that "'the difficulty

of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)).

The Court is of course sympathetic to Plaintiff's circumstances as a disabled man with limited resources; however, nearly every pro se plaintiff that comes before this Court believes they cannot litigate without appointed counsel. As the Court has indicated in previous orders denying Plaintiff counsel, Plaintiff is out of custody and has resources available to him that many incarcerated pro se plaintiffs do not. *See* ECF No. 20 at 8. Further, Plaintiff already has counsel for one of his many cases pending before this Court, again, unlike most pro se plaintiffs seeking counsel. *See Shaw v. Kemper*, Case No. 21-CV-49-JPS. The fact that Plaintiff's counsel will not represent him in this case is telling regarding the merits of this case, and the Court therefore does not believe the appointment of counsel is warranted here. *See Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022) (finding courts may consider the merits and what is at stake when deciding whether to allocate scarce pro bono counsel resources). As such, the Court will deny the motion to appoint counsel and deny the motion to stay.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for appointment of counsel, ECF No. 22, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the parties' joint motion to stay case deadlines and to schedule a status conference, ECF No. 24, be and the same is hereby **DENIED.**

Dated at Milwaukee, Wisconsin, this 27th day of January, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge