# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TERRANCE J. SHAW,<br><br>                          Plaintiff,<br><br>v.<br><br>PAUL MAYS,<br><br>                          Defendant. | Case No. 21-CV-323-JPS<br><br><br>**ORDER** |

       On March 12, 2021, Plaintiff filed a complaint under 42 U.S.C. § 1983 alleging that Defendant violated his constitutional rights. ECF No. 1. On January 23, 2023, the parties filed a joint motion to stay case deadlines and to schedule a status conference. ECF No. 24. The parties indicated that a stay was necessary because Plaintiff expressed that he was unable to proceed with the case as a pro se litigant. *Id.* Defendants contacted Plaintiff regarding the summary judgment meet and confer requirement and Plaintiff expressed that he felt unable to meet and confer on his own but was actively attempting to recruit counsel. *Id.* The Court denied the motion to stay on January 27, 2023. ECF No. 25.

       On February 9, 2023, Plaintiff filed a motion for summary judgment along with a statement of undisputed facts. ECF Nos. 27, 28. On February 14, 2023, Defendant filed a motion to strike Plaintiff's summary judgment filings as untimely and in violation of the Court's scheduling order. ECF No. 34.

       Defendant indicates that he attempted to meet and confer with Plaintiff regarding summary judgment but Plaintiff professed that he was unable to proceed with his case as a pro se litigant due to cognitive issues. *Id.* Following the Court's denial of the motion to stay, Plaintiff never again

reached out to Defendant to comply with the meet and confer summary judgment requirement. *Id.* Instead, he filed a motion for summary judgment on his own along with a statement of undisputed facts. *Id.* Defendant never met with Plaintiff and never agreed to any undisputed facts. *Id.*

The Court will grant Defendant's motion to strike. The Court will not delve into the weeds as to whether Plaintiff's motion for summary judgment was timely filed; Plaintiff proceeds pro se and his motion purports that he placed it in the mail on January 29, 2023 (prior to the February 6, 2023 deadline). *See* ECF No. 27-2.

The Court does not, however, excuse Plaintiff's utter failure to even attempt to comply with the Court's summary judgment meet and confer requirement. Plaintiff's summary judgment filings violate the Court's scheduling order, *see* ECF No. 21 at 2-3, and will accordingly be stricken from the record. The Court will issue a trial scheduling order forthwith.

Accordingly,

**IT IS ORDERED** that Defendant's motion to strike Plaintiff's summary judgment filings as untimely and in violation of the Court's scheduling order, ECF No. 34, be and the same is hereby **GRANTED** as described in this Order; and

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment materials, ECF Nos. 27–33, be and the same are hereby **STRICKEN** from the record**.**

Dated at Milwaukee, Wisconsin, this 23rd day of February, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge